IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| KAITLYN TANSEY and SARAH CAUDILL, on behalf of themselves and all similarly situated employees, | : : : : | No.: 18-cv-13800 |
|  | : : | Hon. Judith E. Levy |
| Plaintiffs, | : | Mag. Mona K. Majzoub |
| v. | : : |  |
| KATHERINE'S CATERING AND SPECIAL EVENTS, INC., *et al*, | : : : |  |
| Defendants. | : : |  |

## DECLARATION OF JESSE L. YOUNG

I, Jesse L. Young, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I have been involved in this case from the beginning and have personal knowledge of the events and facts described herein.  I am over the age of 21, and could, if called to testify, attest to the events and facts described below.

2.     I am an equity partner at Kreis, Enderle, Hudgins & Borsos, P.C. which has approximately 30 attorneys.  I practice out of its Kalamazoo, Michigan office.

3.     Prior to joining Kreis Enderle in 2018, I was a shareholder at the Southfield-based firm of Sommers Schwartz, P.C. where I practiced plaintiff-side employment law for approximately 10 years.  From 2012 through 2017, I practiced

exclusively wage-and-hour law and handled class and collective actions across the United States.

4.     Throughout my career, I have acted as class counsel for plaintiffs in dozens of wage-and-hour class and collective actions, including but not limited to:

- *Whitfield v. Trinity Restaurant Group* (E.D. Mich., Case No. 18-cv-10973)
- *Athan v. United States Steel Corp.* (E.D. Mich., Case No. 17-cv-14220)
- *Matthews v. Hyatt Corporation* (W.D.N.C., Case No. 17-cv-0413)
- *Oullette v. Ameridial, Inc.* (N.D. Ohio, Case No. 16-cv-2144)
- *Anderson v. The Minacs Group, Inc.* (E.D. Mich., Case No. 16-cv-5363)
- *Gullage v. Cognosanto, LLC* (M.D. Tenn., Case No. 16-cv-2816)
- *Serbay v. DialogDirect, Inc.* (E.D. Mich., Case No. 16-cv-12716)
- *Gaffers v. Kelly Servs., Inc.* (E.D. Mich., Case No. 16-cv-10128)
- *Armstrong v. Concentrix Corporation* (N.D. Cal., Case No. 16-cv-5363)
- *Brown v. Permanente Med. Group, Inc.* (N.D. Cal., Case No. 16-cv-5272)
- *Owens et al. v. GLH Cap. Enterprise, Inc.* (S.D. Ill., Case No. 16-cv-1109)
- *Wengerd et. al. v. Self-Reliance, Inc.* (S.D. Ohio, 15-cv-0293)
- *Lee v. Asurion Insurance Services et al.* (D. Ariz., Case No. 15-cv-2606)
- *Downard v. Reno, Inc. et al.* (W.D. Mich., Case No. 16-cv-0927)
- *Bourne v. Ansara Restaurant Group* (E.D. Mich., Case No. 16-cv-10332)
- *Rangel v. Compliance Staffing Agency* (M.D. Ga., Case No. 15-cv-0008)
- *Padan v. West Corporation* (D. Nev., Case No. 15-cv-0394)
- *Kie v. iVox Solutions* (S.D. Fla., Case No. 15-cv-14296)
- *Alderoty v. Maxim Healthcare Services* (D. Md., Case No. 14-cv-2549)
- *Atkinson v. TeleTech, LLC* (S.D. Ohio, Case No. 14-cv-0253)
- *Tarrant v. Sutherland Global Services* (W.D.N.Y., Case No. 15-cv-6320)

- *Wright v. Jacob Transpt Servs, LLC et al.* (D. Nev., Case No. 15-cv-0056)
- *Wilson v. Maxim Healthcare Services* (W.D. Wash., Case No. 14-cv-0789)
- *Cardoza v. Bloomin' Brands Inc. et al.* (D. Nev., Case No. 13-cv-1820)
- *Matthews v. Convergys Corp. et al.* (W.D.N.C., Case No. 14-cv-0125)
- *Ingram v. Passmore Towing & Recovery* (N.D. Ala., Case No. 14-cv-0004)
- *Terry v. TMX Finance LLC et al.* (N.D. Ill., Case No. 13-cv-6156)
- *Lawrence vs. Maxim Healthcare Servs.* (N.D. Ohio, Case No. 12-cv-2600)
- *Stelmachers vs. Maxim Healthcare Servs.* (N.D. Ga., Case No. 13-cv-1062)
- *Williams vs. Sykes Enterprises, Inc.* (D. Minn., Case No. 13-cv-0946)
- *Flores vs. Velocity Express, Inc.* (N.D. Cal., Case No. 12-cv-5790)

5.    Currently, I represent employees and employers in all types of employment litigation.  However, my practice still primarily consists of contingent wage-and-hour litigation under federal law (the Fair Labor Standards Act) and various state laws.  My credentials are attached hereto as ***Exhibit 1***.

6.    In December 2018, the named Plaintiffs in this action (Kaitlyn Tansey and Sarah Caudill) retained me to recover their alleged unpaid wages, which they claim were withheld by Defendants as part of a tip pooling policy and practice. Our firm undertook to represent the Plaintiffs in this action on a pure contingency basis, where we would not receive any fee unless we were successful in obtaining a recovery in this action. Additionally, our firm agreed to advance all costs incurred in connection with this action.

7.      All attorney and paralegal time incurred by attorneys and paralegals for my firm on this and all other cases is recorded using a billing and time-keeping software system. Pursuant to my firm's policies and standard business practices, all attorney and paralegal time is required to be accurately entered into the timekeeping system contemporaneous with all work performed, with an accurate description of the task performed, and time spent on such task entered into the timekeeping system. The timekeeping system is then used to generate bills sent to clients in hourly cases, and to track the details and value of time worked, based on the firm's current hourly rates, in contingency cases such as this one.

8.      Consistent with my firm's policies and my career-long practice, I contemporaneously tracked the tasks I performed in connection with this case and the specific amount of time taken to perform the tasks (billed in tenths of an hour).

9.      By way of the parties' settlement agreement and the Joint Motion for Final Approval (Doc. 13), Plaintiffs request an award of attorneys' fees and costs in the amount of the $17,500.

10.    To Date, I have spent a total of 50.8 hours working on this case. Attached as *Exhibit 2* are my firm's billing records in connection with this case, which summarize the amount of time spent on this case, as well as the hourly rate at which I bill for my time in FLSA collective actions ($475).  As reflected in Exhibit 2, my firm has incurred attorney's fees in this case, based on my customary

regular hourly rate, in the lodestar amount of approximately $24,130 through April 1, 2019.

11.     However, when the requested $17,500 is divided by my actual time in this case, my effective hourly rate is **$344.48** per hour.

12.     As shown in the billing records, I served as the primary contact with defense counsel in all matters relative to the case, including discussions of claims and defenses, negotiations, damage analysis, and all disputes.   I was also responsible for all client contact, Court communications, hearings, settlement discussions, and all other matters related to this litigation.

13.     I have reviewed the time entries billed to this case to ensure that the fees incurred are reasonable. The time entries reflected on *Exhibit 2* reflect work that was reasonably done in connection with this action, and the fees incurred for such work were reasonably incurred. As set forth in Exhibit 2, my firm has devoted significant resources to the litigation of this action.

14.     Based on my lengthy experience practicing nationally, and in Michigan and Metro Detroit, I have become knowledgeable about the hourly rates that law firms in this area charge for attorneys and paralegals of various levels of experience, reputation, and seniority. Based on this knowledge and experience, my hourly rate, based on my experience and reputation, is designed to compete with appropriate rates charged by other law firms in this jurisdiction and nationwide.

15.     Attached as *Exhibit 3* is a true and correct copy of a print-out of the *Laffey* Matrix, printed from the internet website located at http://www.laffeymatrix.com/see.html.  The *Laffey* matrix was developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983),[1] as a useful tool to determine the reasonable value of attorneys' work. The *Laffey* matrix sets out reasonable rates for attorneys and paralegals of different levels of seniority.

16.     While the *Laffey* matrix was originally based on reasonable rates for attorneys in the Washington-Baltimore area, the matrix can be easily adjusted by reference to the federal locality differentials table located at https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/salary-tables/pdf/2019/DET.pdf  (reflecting locality payment of 26.81% for Ann Arbor area);   and   https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/salary-tables/pdf/2019/DCB.pdf (reflecting locality payment of 29.32% for Washington D.C. area).

17.     Comparing these differentials yields a multiplier of -1.9% for Ann Arbor rates, making it almost the same. This adjustment has been calculated as follows: Ann Arbor: (126.81-129.32)/129.32 = -0.01940 or -1.9%. True and correct copies of the locality tables are collectively attached as *Exhibit 4*.

---

[1] *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985).

18.     *Exhibit 5* is a spreadsheet which includes my time spent on this case, my hourly rate, and the corresponding *Laffey* matrix rate adjusted for the Ann Arbor area.  As reflected in Exhibit 5, my actual hourly rate ($475) and effective hourly rate on this case ($344.48) are much **lower** than the adjusted *Laffey* matrix rates for attorneys of similar levels of skill and seniority.  Thus, the *Laffey* matrix table confirms that the hourly rates charged by my firm for my work, based on my knowledge and experience, is reasonable when compared to appropriate rates charged by other law firms in this jurisdiction and nationwide.

19.   Importantly, numerous federal courts have relied upon or referenced the *Laffey* Matrix to determine a "reasonable" attorneys' fee.   *See Garnes v. Barnhardt*, 2006 U.S. Dist. LEXIS 5938 (N.D. Cal. 2006) ("It is the practice of the undersigned judge, however, to rely on official data to determine appropriate hourly rates, not on an attorney's self-proclaimed rates or declarations regarding hourly rates charged by law firms. One reliable official source for rates that vary by experience levels is the Laffey matrix used in the District of Columbia."); *Ricks v. Barnes*, 2007 U.S. Dist. LEXIS 22410, *16 (D.D.C. Mar. 28, 2007) (finding updated Matrix rates reasonable); *Kempf v. Barrett Bus. Servs*., 2007 U.S. Dist. LEXIS 89447 (N.D. Cal. Nov. 20, 2007) (finding attorneys' requested fees reasonable when compared to rates in the updated Matrix); *Interfaith Community Organization v. Honeywell International, Inc.,* 426 F.3d 694 (3rd Cir. 2005) ("In

updating the matrix to account for inflation from 1989-2003, ICO relied on the legal services component of the nationwide Consumer Price Index ('the Legal Services Index'), a measure of inflation in the cost of legal services maintained by the Bureau of Labor Statistics."); and *North Carolina Alliance for Transportation Reform, Inc. v. United States Department of Transportation*, 168 F. Supp. 2d 569 (M.D.N.C. 2001) ("Plaintiffs adjust the matrix's billing rates by applying the annual inflationary factor for legal services as reported in the United States Department of Labor's Consumer Price Index ('CPI')").

20.    Another point of reference to determine a reasonable hourly rate is the State Bar of Michigan's periodic fee survey, which was last published in 2017. *Exhibit 6*.

21.    Unfortunately, the SBM 2017 survey is of limited use because it fails to identify hourly rates for attorneys who practice in class/collective action litigation.  Thus, we are left to review hourly rates for plaintiff's employment litigation, which range from $250 to $485 per hour, and hourly rates in the Ann Arbor area, which range from $213 to $497.  *Id*. at pp. 5-6.  My hourly rate falls squarely within these ranges even without considering the added complexity of class action work.

22.    Lastly, prior history shows that the requested attorneys' fees are reasonable and appropriate. In a specific example involving a restaurant case,

*Bourne v. Ansara Restaurant Group*, Case No. 16-cv-10332 (E.D. Mich.), Judge Lawson approved my then-hourly rate of $425 per hour (and a total blended rate of $409) without any adjustments in approving the settlement of a wage-and-hour collective action. (Doc. 132).

23.     In another wage-and-hour restaurant case in which I acted as class co-counsel, our actual hourly rates for FLSA work in *Cardoza et al vs. Bloomin' Brands, Inc.*, Case No. 13-cv-01820 (D. Nev.) were approved by Judge Jennifer A. Dorsey. (Doc. 460). In that case, the court approved partner rates from $625-$425; associate rates from $375-$320; and paralegal rates from $200-$90. (Doc. 435-3).

24.     Lastly, in this case, my firm incurred reasonable litigation expenses of $530.  I have personally reviewed my firm's business records which show the expenses consisted of the filing fee ($400) and the process server fee ($130). These expenses were reasonable and necessary in order to commence this case.

25.     For all the reasons stated above, I believe the requested attorneys' fees and costs are fair and reasonable and require no adjustments.

26.     I declare under penalty of perjury that the statements above are true based upon my own personal knowledge, information and belief.


Dated:  April 1, 2019                          _____

                                               Jesse L. Young

# Exhibit 1



# Jesse Young

### SHAREHOLDER
JYoung@kehb.com

### EDUCATION
Western Michigan University Cooley Law School, J.D.
• Cum Laude
• Member of Law Review
Western Michigan University, B.A., Kalamazoo, Michigan
Residential Builders License, State of Michigan No. 2101171400

### COMMUNITY INVOLVEMENT
Habitat for Humanity Board of Directors – 2012 to present
Habitat for Humanity – 2011 Volunteer of the Year

### PRACTICE AREAS
Employment Law
Civil Litigation



### BAR ADMISSIONS
Michigan

U.S. Supreme Court

U.S. Court of Appeals
for the Sixth Circuit

U.S. District Court, Eastern
District of Michigan

U.S. District Court, Western
District of Michigan

U.S. District
Court of Colorado

### MEMBERSHIPS
American Bar Association

Federal Bar Association

National Employment
Lawyers Association

State Bar of Michigan

American Association
for Justice

**JESSE YOUNG** is an employment litigation attorney. As a member of Kreis Enderle's Business and Employment Group, he represents individuals and businesses involved in serious employment disputes including but not limited to issues of severance negotiations, discrimination, retaliation, whistleblowing activity, employment contracts, terminations, and compliance.

In addition, Jesse also has extensive experience with – and is probably best known for – handling wage and hour disputes arising under the Fair Labor Standards Act (FLSA) and similar state laws. In this regard, he has represented businesses and individuals nationwide dealing with the payment of minimum wages and/or overtime, classification of employees, "off the clock" work, meal breaks, donning and doffing of work equipment, recordkeeping, and other issues peculiar to a wide variety of industries.

Jesse has been appointed to leadership positions in dozens of complex class action litigation matters across the country.  In these positions, he has helped secure multi-million dollar recoveries in class actions involving thousands of plaintiffs.

Jesse's dynamic practice has taken him around the country to represent his clients. He has briefed and argued cases in Michigan state courts, the Michigan Court of Appeals, the U.S. Court of Appeals for the Sixth Circuit, and dozens of federal U.S. District Courts nationwide.  He has also attended several arguments before the U.S. Supreme Court.

## Notable Results

- $6.25 million class settlement on behalf of "advice nurses" who were not properly paid wages and overtime for off-the-clock work in violation of the Fair Labor Standards Act.
- $6.55 million collective action settlement on behalf of exotic dancers working at a Déjà Vu gentleman's clubs that misclassified them as independent contractors, forced them to pay "rent," and failed to pay minimum wage.
- $680,000 class action settlement involving restaurant employees who alleged they were forced to share tips with ineligible employees.
- $3.0 million class action settlement involving restaurant employees who alleged they were not properly paid minimum wage and overtime.
- $3.5 million class action settlement on behalf of home-based customer service agents who claimed their employer unlawfully withheld compensation in violation of the Fair Labor Standards Act.
- $7.5 million settlement in nationwide wage and hour collective action involving call center employees who were not paid for their pre-shift computer login and boot-up time.
- $4.5 million settlement in nationwide wage and hour class action involving at-home call center employees who alleged they were not paid for their pre-shift computer login and boot-up time and for time spent working "off-the-clock" while experiencing system downtime.
- $1.1 million settlement in nationwide wage and hour class action involving at-home call center employees who alleged they were not paid for their pre-shift computer login and boot-up time and for time spent working "off-the-clock" while experiencing system downtime.
- $1.075 million class action settlement for at-home customer service representatives who alleged that their employer failed to pay wages and overtime for "off the clock" work.
- $1.4 million wage and hour collective action settlement involving call center employees who alleged they were not paid for their pre-shift computer login and boot-up time.
- $1.6 million settlement in a collective action on behalf of hundreds of salaried recruiters who alleged they were not paid overtime after their employer misclassified them as exempt employees.
- $11.3 million collective action settlement on behalf of exotic dancers working at a Déjà Vu gentleman's clubs in an action brought in Michigan under the Fair Labor Standards Act (FLSA) for failure to pay minimum wage.
- $3.6 million Equal Protection lawsuit: Jesse Young assisted Andrew Kochanowski in obtaining a jury verdict against a city that discriminated against a property owner in violation of the 14th Amendment's Equal Protection clause.

## Honors/Awards

The American Society of Legal Advocates – Top 40 Under 40 Labor & Employment Lawyers – 2018
Michigan Lawyers Weekly "Up & Coming Lawyers" – 2014
Super Lawyers Rising Stars (Michigan) – 2012 to present
Seminars/Lectures

- Speaker, 2018 FLSA Update, Institute of Continuing Legal Education, 43rd Annual Labor & Employment Law Institute Seminar, Plymouth, MI
- Panelist, 2017 FLSA Developments, Institute of Continuing Legal Education, Ann Arbor, MI
- Speaker, 2017 FLSA Update, Institute of Continuing Legal Education, 42nd Annual Labor & Employment Law Institute Seminar, Plymouth, MI
- Panelist, "Who is the Employer and Who is an Employee? Recent Legal Developments Defining the Workforce in the Gig Economy," State Bar of Michigan Labor and Employment Law Section, 2016 Mid-Winter Meeting, Detroit, MI
- Faculty and Speaker, "Defending a Deposition," 2015 Deposition Skills Workshop, Institute of Continuing Legal Education, Plymouth, MI
- Moderator, 2014 FLSA Update, Institute of Continuing Legal Education, Ann Arbor, MI
- Speaker, 2014 Ohio Association for Justice Advanced Wage and Hour Seminar, Proving an "Off the Clock" Case Without Documentary Evidence, Park City, UT
- Speaker, 2013 American Association for Justice Annual Convention, The Fair Labor Standards Act: Making New Client Intake a Success, San Francisco, CA
- Speaker, 2013 Great Lakes Mass Torts Institute, An Overview of the Fair Labor Standards Act, Detroit, MI
- Speaker, 2012 Mentor Jet: Taking Networking to New Heights, Cooley Law School program, Auburn Hills, MI

# Exhibit 2

# Matter Ledger Report

1/1/1970 to 4/1/2019

| | Code | Name | | | | | |
|---|---|---|---|---|---|---|---|
| Client | 1TANSK | Tansey, Kaitlyn & Others | | | Init Atty | JLY | Jesse L. Young |
| Matter | 0001 | FLSA - Katherine's Catering | | | Bill Atty | JLY | Jesse L. Young |
| | | | | | Resp Atty | JLY | Jesse L. Young |

### Unbilled Time

| | | | To Be Billed | | | | | |
|---|---|---|---|---|---|---|---|---|
| Code | Name | Date | Code | Hours | $ Value | Task | Ref # | Text |
| JLY | Jesse L. Young | 12/01/18 | B | 0.50 | 237.50 | | 29O0951 | Received and reviewed Tansey employment documents in connection with potential wage claim. |
| JLY | Jesse L. Young | 12/04/18 | B | 4.70 | 2,232.50 | | 29O5000 | Legal research on tip pooling regulations. Began drafting class action complaint. |
| JLY | Jesse L. Young | 12/04/18 | B | 1.80 | 855.00 | | 29O6001 | Telephone discussions with Tansey, Caudill, Parmelee, and Deonte regarding ███████. Reviewed and approved retainer agreements. |
| JLY | Jesse L. Young | 12/05/18 | B | 5.60 | 2,660.00 | | 29O6849 | Worked on complaint. Legal research regarding Woodie Woo and Oregon Restaurant cases, along with 2018 amendments to FLSA tip pooling provisions. Telephone discussions with Tansey and Caudill regarding ███████. |
| JLY | Jesse L. Young | 12/06/18 | B | 3.40 | 1,615.00 | | 29O9101 | Finished legal research on 203(m) private right of action. Drafted opt-in plaintiff consent forms. Telephone call with clients regarding ███████. Finalized draft complaint and sent to clients for review and comment. |
| JLY | Jesse L. Young | 12/07/18 | B | 4.10 | 1,947.50 | | 29O9922 | Additional and final edits to complaint after further discussion with Ms. Tansey. Return telephone call with Alyssa regarding ███████. Finalized exhibits and filed complaint. |
| JLY | Jesse L. Young | 12/09/18 | B | 1.30 | 617.50 | | 29P2296 | Drafted warning letter to defendants regarding class member communication and evidence spoliation. Sent letter. |
| JLY | Jesse L. Young | 12/09/18 | B | 3.20 | 1,520.00 | | 29P2300 | Legal research on FLSA conditional certification. Began drafting motion for conditional certification and notice to class. |
| JLY | Jesse L. Young | 12/10/18 | B | 3.50 | 1,662.50 | | 29P4509 | Worked on motion for conditional certification. Drafted employee declarations. |
| JLY | Jesse L. Young | 12/11/18 | B | 2.40 | 1,140.00 | | 29P5426 | Telephone discussions with Ms. Tansey and other opt-ins. Received and reviewed letter from employer to service staff. Telephone discussion with Bodman attorney regarding facts of case. |
| JLY | Jesse L. Young | 12/12/18 | B | 0.10 | 47.50 | | 29P7950 | Reviewed and filed consent forms for White and Yeager. |
| JLY | Jesse L. Young | 12/17/18 | B | 0.50 | 237.50 | | 29Q4679 | Telephone discussion with clients regarding ███████ |
| JLY | Jesse L. Young | 12/18/18 | B | 0.40 | 190.00 | | 29Q5536 | Discussions with potential opt-in plaintiffs who contacted firm about joining the lawsuit. Reviewed Dahlgren consent form and filed same. |
| JLY | Jesse L. Young | 12/19/18 | B | 0.50 | 237.50 | | 29Q9079 | Telephone discussion with Attorney Graves from Bodman regarding potential settlement and other issues. |
| JLY | Jesse L. Young | 12/19/18 | B | 0.40 | 190.00 | | 29R0813 | Telephone call with clients regarding ███████. |
| JLY | Jesse L. Young | 12/20/18 | B | 1.60 | 760.00 | | 29R1787 | Telephone conversations with clients ███████. E-mail to defense counsel regarding same. |
| JLY | Jesse L. Young | 12/26/18 | B | 0.20 | 95.00 | | 29R5881 | Discussion with client Letang regarding ███████ |
| JLY | Jesse L. Young | 12/27/18 | B | 0.20 | 95.00 | | 29R7564 | Attention to attorney appearances and notice of filing consent form. |
| JLY | Jesse L. Young | 12/28/18 | B | 0.40 | 190.00 | | 29R7565 | E-mail to Attorney Boonin regarding next steps in settlement discussions. |
| JLY | Jesse L. Young | 12/28/18 | B | 0.10 | 47.50 | | 29R9205 | Reviewed and approved stipulation to extend responsive pleading deadline. |
| JLY | Jesse L. Young | 01/02/19 | B | 0.70 | 332.50 | | 29T0259 | Telephone discussion with Attorney Boonin regarding potential settlement. Telephone conversation with clients regarding ███████. |
| JLY | Jesse L. Young | 01/03/19 | B | 0.40 | 190.00 | | 29T2024 | Telephone call with Ms. Tansey. Received and reviewed updated settlement offer from defendants. |
| JLY | Jesse L. Young | 01/04/19 | B | 0.80 | 380.00 | | 29T3080 | Telephone call with clients. Responded to settlement offer from defendants. |
| JLY | Jesse L. Young | 01/08/19 | B | 0.30 | 142.50 | | 29T7514 | Attention to Jose Espinal consent form. |
| JLY | Jesse L. Young | 01/09/19 | B | 0.20 | 95.00 | | 29T9338 | Telephone call with defense counsel regarding settlement. |
| JLY | Jesse L. Young | 01/10/19 | B | 0.30 | 142.50 | | 29T9745 | Telephone discussions with clients regarding ███████ |
| JLY | Jesse L. Young | 01/11/19 | B | 0.50 | 237.50 | | 29U3751 | Telephone conversation with Ms. Tansey regarding ███████ |

# Matter Ledger Report
### 1/1/1970 to 4/1/2019

| | Code | Name | | Init Atty | JLY | Jesse L. Young |
|---|---|---|---|---|---|---|
| Client | 1TANSK | Tansey, Kaitlyn & Others | | Bill Atty | JLY | Jesse L. Young |
| Matter | 0001 | FLSA - Katherine's Catering | | Resp Atty | JLY | Jesse L. Young |

## Unbilled Time Continued

| Code | Name | Date | Code | To Be Billed Hours | $ Value | Task | Ref # | Text |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ▮▮▮. E-mail to Attorney Boonin regarding same. |
| JLY | Jesse L. Young | 01/15/19 | B | 0.30 | 142.50 | | 29U7728 | Telephone calls with Attorney Boonin and Ms. Tansey. Reached principal settlement terms. |
| JLY | Jesse L. Young | 01/21/19 | B | 0.30 | 142.50 | | 29W4751 | Attention to stipulated order regarding extension of time to respond to complaint and/or notify court of settlement. |
| JLY | Jesse L. Young | 01/28/19 | B | 1.50 | 712.50 | | 29W6328 | Began drafting joint motion for approval of settlement. Legal research regarding same. |
| JLY | Jesse L. Young | 02/05/19 | B | 0.70 | 332.50 | | 29X8749 | Reviewed draft settlement agreement. Email to defense counsel regarding same. |
| JLY | Jesse L. Young | 02/08/19 | B | 0.50 | 237.50 | | 29Y4868 | Reviewed settlement agreement and sent redline edits to Attorney Boonin. |
| JLY | Jesse L. Young | 02/09/19 | B | 0.50 | 237.50 | | 29Y5102 | Worked on motion for final approval of settlement. Emails with Attorney Boonin regarding same. |
| JLY | Jesse L. Young | 02/10/19 | B | 1.00 | 475.00 | | 29Y5101 | Worked on motion for final approval of settlement. Sent revised draft to Attorney Boonin. |
| JLY | Jesse L. Young | 02/12/19 | B | 0.50 | 237.50 | | 29Y8802 | Revisions to settlement approval motion. Reviewed class damage model. |
| JLY | Jesse L. Young | 02/13/19 | B | 2.80 | 1,330.00 | | 29Y9761 | Further review of settlement agreement and approval motion. Sent additional redline edits to Attorney Boonin. |
| JLY | Jesse L. Young | 02/15/19 | B | 0.50 | 237.50 | | 29Z2969 | Telephone discussion with clients Tansey and Caudill regarding ▮▮▮ |
| JLY | Jesse L. Young | 02/17/19 | B | 1.00 | 475.00 | | 29Z5240 | Reviewed defense counsel's edits to all settlement documents. Made additional edits and sent back to defense counsel. |
| JLY | Jesse L. Young | 02/19/19 | B | 0.40 | 190.00 | | 29Z6915 | Final review of settlement documents. Discussion with Attorney Boonin regarding same and filing of joint motion for settlement approval. |
| JLY | Jesse L. Young | 02/19/19 | B | 0.30 | 142.50 | | 2A81814 | Discussions with clients Tansey and Caudill regarding ▮▮▮ ▮▮▮ |
| JLY | Jesse L. Young | 02/20/19 | B | 0.10 | 47.50 | | 2A81813 | Attention to correspondence from defense counsel to the Court regarding in camera review of settlement agreement. |
| JLY | Jesse L. Young | 02/26/19 | B | 0.10 | 47.50 | | 2A81811 | Attention to ECF order setting hearing date on settlement approval motion. |
| JLY | Jesse L. Young | 03/01/19 | B | 0.20 | 95.00 | | 2A81810 | Telephone call with defense counsel and the Court regarding rescheduling hearing on motion for settlement approval. |
| JLY | Jesse L. Young | 03/28/19 | B | 0.20 | 95.00 | | 2A79054 | Attention to court's order regarding filing of Plaintiff's billing information. |
| JLY | Jesse L. Young | 03/30/19 | B | 0.60 | 285.00 | | 2A81760 | Drafted declaration in support of fees request. Began pulling survey data in support of same. |
| JLY | Jesse L. Young | 03/31/19 | B | 1.20 | 570.00 | | 2A81807 | Finalized declaration in support of fee request and exhibits for same. |

| | | | | | | | Matter | |
|---|---|---|---|---|---|---|---|---|
| | Billable | | | 50.80 | 24,130.00 | | | |
| | Non-Billable | | | 0.00 | 0.00 | | | |
| | Suppressable | | | 0.00 | 0.00 | | Hours | Value |
| | **Total Unbilled Time** | | | **50.80** | **24,130.00** | **Total** | 50.80 | 24,130.00 |

## Unbilled Expenses

| Code | Description | Date | Ck # | Ck Date | To Be Billed $ Value | Ref # | Text |
|---|---|---|---|---|---|---|---|
| FF | Filing Fee | 12/11/18 | 95436 | 12/28/2018 | 400.00 | 29P7568 | with Eastern Michigan District Court |
| S | Service of Process | 12/13/18 | 95207 | 12/14/2018 | 130.00 | 29P9181 | on Katherine's Catering |

| | | | | | | Matter Value | |
|---|---|---|---|---|---|---|---|
| | Advanced | | | | 530.00 | | |
| | Non-Cash | | | | 0.00 | | |
| | **Total Unbilled Expenses** | | | | **530.00** | **Total** | **530.00** |

**End of Report**

# Exhibit 3

# LAFFEY MATRIX

History

Case Law

Expert Opinions

See the Matrix

Contact us

Home

Links

|  |  |  | Years Out of Law School * | | | | |
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
|---|---|---|---|---|---|---|---|
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | | $85 | $155 | $190 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | | $82 | $150 | $184 | $266 | $300 | $361 |
| 6/1/93-5/31/94 | | $81 | $148 | $181 | $262 | $296 | $356 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXIS 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# Exhibit 4

**SALARY TABLE 2019-DET**
**INCORPORATING THE 1.4% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 26.81%**
**FOR THE LOCALITY PAY AREA OF DETROIT-WARREN-ANN ARBOR, MI**
**TOTAL INCREASE: 1.85%**
**EFFECTIVE JANUARY 2019**

*Annual Rates by Grade and Step*

| Grade | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 24,155 | $ 24,964 | $ 25,768 | $ 26,565 | $ 27,369 | $ 27,839 | $ 28,632 | $ 29,434 | $ 29,466 | $ 30,215 |
| 2 | 27,159 | 27,806 | 28,705 | 29,466 | 29,797 | 30,673 | 31,549 | 32,425 | 33,302 | 34,178 |
| 3 | 29,633 | 30,621 | 31,609 | 32,597 | 33,584 | 34,572 | 35,560 | 36,548 | 37,536 | 38,524 |
| 4 | 33,266 | 34,374 | 35,483 | 36,591 | 37,699 | 38,808 | 39,916 | 41,024 | 42,133 | 43,241 |
| 5 | 37,219 | 38,459 | 39,699 | 40,939 | 42,180 | 43,420 | 44,660 | 45,900 | 47,140 | 48,381 |
| 6 | 41,487 | 42,871 | 44,254 | 45,638 | 47,021 | 48,405 | 49,788 | 51,172 | 52,555 | 53,939 |
| 7 | 46,103 | 47,640 | 49,177 | 50,714 | 52,251 | 53,788 | 55,325 | 56,862 | 58,399 | 59,935 |
| 8 | 51,058 | 52,759 | 54,461 | 56,163 | 57,865 | 59,566 | 61,268 | 62,970 | 64,672 | 66,374 |
| 9 | 56,394 | 58,273 | 60,152 | 62,032 | 63,911 | 65,790 | 67,670 | 69,549 | 71,428 | 73,308 |
| 10 | 62,103 | 64,172 | 66,242 | 68,311 | 70,381 | 72,450 | 74,520 | 76,589 | 78,659 | 80,729 |
| 11 | 68,230 | 70,505 | 72,780 | 75,055 | 77,330 | 79,605 | 81,880 | 84,155 | 86,430 | 88,705 |
| 12 | 81,780 | 84,506 | 87,233 | 89,959 | 92,685 | 95,412 | 98,138 | 100,865 | 103,591 | 106,318 |
| 13 | 97,247 | 100,488 | 103,729 | 106,971 | 110,212 | 113,453 | 116,694 | 119,936 | 123,177 | 126,418 |
| 14 | 114,916 | 118,747 | 122,578 | 126,409 | 130,240 | 134,071 | 137,902 | 141,733 | 145,564 | 149,395 |
| 15 | 135,173 | 139,679 | 144,184 | 148,690 | 153,195 | 157,701 | 162,206 | 166,500 * | 166,500 * | 166,500 * |

* Rate limited to the rate for level IV of the Executive Schedule (5 U.S.C. 5304 (g)(1)).

Applicable locations are shown on the 2019 Locality Pay Area Definitions page: http://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2019/locality-pay-area-definitions/

**SALARY TABLE 2019-DCB**
**INCORPORATING THE 1.4% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 29.32%**
**FOR THE LOCALITY PAY AREA OF WASHINGTON-BALTIMORE-ARLINGTON, DC-MD-VA-WV-PA**
**TOTAL INCREASE: 2.27%**
**EFFECTIVE JANUARY 2019**

*Annual Rates by Grade and Step*

| Grade | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 |
|-------|--------|--------|--------|--------|--------|--------|--------|--------|--------|---------|
| 1 | $ 24,633 | $ 25,458 | $ 26,278 | $ 27,091 | $ 27,911 | $ 28,390 | $ 29,199 | $ 30,016 | $ 30,049 | $ 30,813 |
| 2 | 27,696 | 28,356 | 29,273 | 30,049 | 30,386 | 31,280 | 32,174 | 33,067 | 33,961 | 34,854 |
| 3 | 30,219 | 31,227 | 32,234 | 33,242 | 34,249 | 35,257 | 36,264 | 37,271 | 38,279 | 39,286 |
| 4 | 33,925 | 35,055 | 36,185 | 37,315 | 38,446 | 39,576 | 40,706 | 41,836 | 42,967 | 44,097 |
| 5 | 37,955 | 39,220 | 40,485 | 41,750 | 43,014 | 44,279 | 45,544 | 46,809 | 48,073 | 49,338 |
| 6 | 42,308 | 43,719 | 45,130 | 46,541 | 47,952 | 49,363 | 50,774 | 52,184 | 53,595 | 55,006 |
| 7 | 47,016 | 48,583 | 50,150 | 51,718 | 53,285 | 54,852 | 56,420 | 57,987 | 59,554 | 61,122 |
| 8 | 52,068 | 53,804 | 55,539 | 57,275 | 59,010 | 60,745 | 62,481 | 64,216 | 65,952 | 67,687 |
| 9 | 57,510 | 59,426 | 61,343 | 63,259 | 65,176 | 67,093 | 69,009 | 70,926 | 72,842 | 74,759 |
| 10 | 63,332 | 65,442 | 67,553 | 69,663 | 71,774 | 73,884 | 75,995 | 78,105 | 80,216 | 82,326 |
| 11 | 69,581 | 71,901 | 74,221 | 76,541 | 78,861 | 81,181 | 83,501 | 85,821 | 88,141 | 90,461 |
| 12 | 83,398 | 86,179 | 88,959 | 91,740 | 94,520 | 97,300 | 100,081 | 102,861 | 105,642 | 108,422 |
| 13 | 99,172 | 102,477 | 105,782 | 109,088 | 112,393 | 115,699 | 119,004 | 122,310 | 125,615 | 128,920 |
| 14 | 117,191 | 121,098 | 125,005 | 128,911 | 132,818 | 136,725 | 140,632 | 144,538 | 148,445 | 152,352 |
| 15 | 137,849 | 142,443 | 147,038 | 151,633 | 156,228 | 160,822 | 165,417 | 166,500 * | 166,500 * | 166,500 * |

* Rate limited to the rate for level IV of the Executive Schedule (5 U.S.C. 5304 (g)(1)).

Applicable locations are shown on the 2019 Locality Pay Area Definitions page: http://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2019/locality-pay-area-definitions/

# Exhibit 5

**EXHIBIT 5**

**2019 Laffey Matrix Application**

| Timekeeper | Position | Years in Practice | Hours Worked | Actual Hourly Rate | Actual Total Lodestar | Laffey Matrix Rate | Ann Arbor Adjustment (-1.9%) | Laffey Matrix Total w/Ann Arbor Adjustment |
|---|---|---|---|---|---|---|---|---|
| Jesse L. Young | Shareholder | 10 | 50.8 | $475 | $24,130.00 | $658 | $620.98 | $31,545.78 |

# Exhibit 6

STATE BAR OF MICHIGAN

## 2017 Economics of Law Practice

## Attorney Income and Billing Rate Summary Report



# Contents

# Economics of Law Practice in Michigan
## 2017 Attorney Income and Billing Rate Summary Report

**Methods and Measures** ...................................................................... 1

**I  2016 Attorney Income** ................................................................... 3

Table 1 – 2016 Reported Attorney Gross Income – Private Practitioners ............................................ 3

Table 2 – 2016 Reported Attorney  Gross Income – Non-Private Practitioners ................................... 3

**II  2017 Attorney Hourly Billing Rates** ........................................................ 4

Table 3 – 2017 Attorney Hourly Billing Rates .................................................................... 4

Table 4 – 2017 Attorney Hourly Billing Rates by Years in Practice ...................................... 4

Table 5 – 2017 Attorney Hourly Billing Rates by Firm Size in a Single Location ................................. 4

Table 6 – 2017 Attorney Billing Rates by Office Location .................................................... 5

Table 7 – 2017 Hourly Rates Billing Rates by Field of Practice ........................................... 5

Table 8 – Attorney Hourly Billing Rates by County ............................................................. 7

Table 9 – 2017 Attorney Hourly Billing Rates by Circuit ................................................... 9

# 2017 Economics of Law Practice in Michigan

## 2017 Attorney Income and Billing Rate Summary Report

*The survey was conducted in 2017 and requested 2016 income and 2017 billing rate information*

The State Bar of Michigan Economics of Law Practice Survey provides Michigan attorneys with a resource that allows access to the most current law practice economic information available. The survey results are provided as a service to members of the State Bar of Michigan.

The survey has two primary objectives:

- To provide timely, relevant and accurate information to inform and guide the practical management decisions of Michigan attorneys
- To track and illustrate changes and trends within the legal profession

The survey monitors and reports on several points of information useful to attorneys:

- Attorney income
- Prevailing average hourly billing rates by several indicators including fields of practice, judicial circuit, and geographic location
- Time allocated to billable and non-billable professional activities
- Management practices
- Perceptions regarding current and future economic circumstances related to the practice of law

The key finding report contains information pertaining to attorney income and billing rates. It is produced as an early and separate report to provide attorneys with this target information as quickly as possible, as it is the most requested information from all attorneys. All other information will be contained in the full 2017 Economics of Law Practice Summary Report that will follow.

**Methods and Measures**

The 2017 Economics of Law Practice Survey was conducted in late 2017.  In 2017 45.3 percent of active members were private practitioners and 54.7 percent were non-private practitioners. Based on the proportions of both groups of active members, an electronic survey was emailed to approximately 18,414 private practitioners and 22,236 non-private practice members of the State Bar of Michigan, inviting their participation. 3,843 completed questionnaires were returned by private practitioners (a 20.9 percent response rate) and 2,088 completed questionnaires were returned by non-private practitioners (a 9.4 percent response rate). Questionnaires were tabulated by Dr. James McComb, an independent consultant statistician.

To help interpret the information presented in the surveys the following is a brief description of statistical terms of measures of central tendency (median and mean) and measures of dispersion (spread).

**Mean—**The mean (also called the average) is calculated by adding the values of all responses then dividing by the number of responses. Example: Three responses (30, 1, 2) are reported. The average or mean is calculated by adding 30+1+2=33 and then by dividing by 3 = 11.

**Median—**The median is the middle value in a series or distribution of values (50th percentile, which is initially rank-ordered (from low to high or vice versa). By definition half of the numbers are greater and half are less than the median. Example: Three responses (30, 1, 2) are reported. The median is the middle number of the order of distribution (1, 2, 30), or 2. By comparison, the average of this distribution as shown above is 11.

Use of the median as a statistical metric of central tendency reduces the effects of 'outliers' (extremely high or low values, such as the data point of 30 in the previous example) while the average does not. Median values are utilized throughout the survey results to denote the measure of central tendency.



**Percentiles—**In addition to the median, four other percentile values are used in the survey results to reveal the spread of a particular data distribution. The percentiles include:

- 25th percentile—Also referred to as the "lower quartile." One-fourth of the values are less and three-fourths are more than this value.
- Median or 50th percentile—Half of the values are less and half are more than the "median" value.
- 75th percentile—Also referred to as the "upper quartile." Three-fourths of the values are less and one-fourth are more than this value.
- 95th percentile—Ninety-five percent of the values are less and five percent of the values are more than this value.

**Note of clarification:** Extreme values (multiple thousands per hour) were excluded due to their unrepresentative qualities; eight were excluded for reporting $6,500 or above per hour.



# I  2016 Attorney Income

### Table 1 – 2016 Reported Attorney Gross Income – Private Practitioners

| | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Sole Practitioner, office outside of home | 825 | 60,000 | 109,000 | 153,358 | 200,000 | 400,000 |
| Sole Practitioner, working out of home office | 610 | 10,000 | 32,000 | 59,806 | 75,000 | 225,000 |
| Sole Practitioner, sharing space | 197 | 50,000 | 100,000 | 197,158 | 185,000 | 435,000 |
| Managing Partner | 243 | 150,000 | 290,000 | 982,083 | 600,000 | 2,500,000 |
| Equity Partner/Shareholder | 606 | 160,000 | 285,000 | 567,872 | 450,000 | 1,200,000 |
| Non-Equity Partner | 181 | 130,000 | 185,000 | 285,154 | 300,000 | 800,000 |
| Of Counsel | 99 | 48,000 | 100,000 | 159,191 | 225,000 | 489,338 |
| Senior Associate | 162 | 90,000 | 121,832 | 374,798 | 200,000 | 400,000 |
| Associate | 439 | 53,000 | 77,250 | 104,057 | 110,000 | 231,246 |
| Arbitrator/Mediator | 13 | 35,000 | 100,000 | 192,482 | 150,000 | 1,200,000 |
| Assigned Counsel | 3 | 2,000 | 33,500 | 33,500 | 65,000 | 65,000 |
| Other | 182 | 25,000 | 87,500 | 133,055 | 160,500 | 560,000 |
| **Total** | **3560** | **55,000** | **115,000** | **289,194** | **250,000** | **700,000** |

### Table 2 – 2016 Reported Attorney  Gross Income – Non-Private Practitioners

| | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Academia | 87 | 58,200 | 75,500 | 84,578 | 110,000 | 160,000 |
| Federal Government | 195 | 94,000 | 120,000 | 121,407 | 150,000 | 173,795 |
| Governmental Relations | 15 | 76,000 | 115,000 | 182,143 | 145,000 | 900,000 |
| In-House Counsel | 480 | 95,000 | 140,000 | 172,665 | 195,000 | 320,000 |
| Judge | 104 | 137,000 | 140,000 | 134,687 | 143,000 | 183,000 |
| Law School | 23 | 57,000 | 78,000 | 122,091 | 150,000 | 260,000 |
| Legal Service Agency | 102 | 46,000 | 57,000 | 64,194 | 70,000 | 125,000 |
| Local Government | 254 | 56,750 | 80,000 | 111,314 | 103,000 | 130,500 |
| Military | 21 | 73,500 | 91,000 | 99,100 | 124,500 | 162,500 |
| Non-Law Related | 122 | 60,000 | 97,750 | 225,754 | 166,000 | 600,000 |
| Non-Profit Org | 88 | 45,000 | 64,250 | 82,329 | 95,000 | 180,000 |
| Other Judiciary | 119 | 61,596 | 80,676 | 156,466 | 96,250 | 150,000 |
| Retired | 84 | 21,500 | 110,000 | 113,543 | 150,000 | 285,000 |
| State Government | 199 | 65,000 | 93,000 | 90,859 | 113,500 | 142,000 |
| **Total** | **1893** | **67,000** | **99,870** | **132,537** | **140,000** | **250,000** |

# II 2017 Attorney Hourly Billing Rates

### Table 3 – 2017 Attorney Hourly Billing Rates

|  | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Sole Practitioner, office outside of home | 825 | 200 | 250 | 252 | 295 | 375 |
| Sole Practitioner, working out of home office | 610 | 150 | 200 | 208 | 250 | 350 |
| Sole Practitioner, sharing space | 197 | 200 | 240 | 247 | 280 | 373 |
| Managing Partner | 243 | 225 | 290 | 300 | 350 | 467 |
| Equity Partner/Shareholder | 606 | 245 | 300 | 329 | 400 | 552 |
| Non-Equity Partner | 181 | 223 | 315 | 319 | 395 | 567 |
| Of Counsel | 99 | 250 | 325 | 333 | 400 | 600 |
| Senior Associate | 162 | 220 | 260 | 270 | 315 | 400 |
| Associate | 439 | 183 | 225 | 236 | 270 | 350 |
| Arbitrator/Mediator | 13 | 250 | 275 | 293 | 350 | 410 |
| Assigned Counsel | 3 | 75 | 78 | 78 | 80 | 80 |
| Other | 182 | 150 | 200 | 240 | 307 | 450 |
| **Total** | **3560** | **200** | **250** | **266** | **307** | **470** |

### Table 4 – 2017 Attorney Hourly Billing Rates by Years in Practice

|  | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| <1 | 52 | 150 | 190 | 197 | 233 | 333 |
| 1 to 2 | 155 | 165 | 200 | 209 | 250 | 300 |
| 3 to 5 | 278 | 175 | 209 | 219 | 250 | 325 |
| 6 to 10 | 485 | 195 | 225 | 239 | 283 | 380 |
| 11 to 15 | 352 | 200 | 250 | 275 | 300 | 450 |
| 16 to 25 | 757 | 200 | 253 | 279 | 325 | 475 |
| 26 to 30 | 393 | 200 | 250 | 278 | 328 | 530 |
| 31 to 35 | 367 | 200 | 250 | 275 | 325 | 515 |
| >35 | 861 | 200 | 250 | 284 | 335 | 510 |
| **Total** | **3700** | **200** | **250** | **266** | **305** | **473** |

### Table 5 – 2017 Attorney Hourly Billing Rates by Firm Size in a Single Location

|  | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| 1 | 1722 | 183 | 225 | 233 | 275 | 375 |
| 2 | 365 | 200 | 250 | 270 | 300 | 400 |
| 3 | 237 | 217 | 250 | 271 | 300 | 400 |
| 4 to 6 | 354 | 200 | 250 | 280 | 317 | 467 |
| 7 to 10 | 211 | 190 | 250 | 267 | 307 | 490 |
| 11 to 20 | 223 | 225 | 280 | 302 | 350 | 500 |
| 21 to 50 | 244 | 227 | 307 | 308 | 375 | 497 |
| >50 | 321 | 255 | 347 | 358 | 450 | 573 |
| **Total** | **3677** | **200** | **250** | **266** | **305** | **475** |

**Table 6 – 2017 Attorney Billing Rates by Office Location**

| | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Ann Arbor area | 163 | 213 | 250 | 278 | 315 | 497 |
| Battle Creek area | 30 | 192 | 250 | 235 | 265 | 300 |
| Bay City/Midland/Saginaw area | 68 | 175 | 216 | 217 | 250 | 300 |
| Detroit, not downtown | 155 | 188 | 225 | 237 | 279 | 400 |
| Downtown Detroit & New Center area | 145 | 200 | 250 | 286 | 350 | 550 |
| Flint area | 100 | 183 | 216 | 239 | 292 | 433 |
| Grand Rapids area | 391 | 210 | 275 | 297 | 350 | 550 |
| Jackson area | 31 | 200 | 217 | 239 | 272 | 385 |
| Kalamazoo area | 112 | 175 | 233 | 242 | 300 | 430 |
| Lansing area | 205 | 200 | 227 | 252 | 285 | 410 |
| Livingston County | 55 | 200 | 225 | 238 | 250 | 317 |
| Mid-Michigan area (not Lansing) | 57 | 190 | 225 | 229 | 260 | 337 |
| Mount Clemens area | 93 | 200 | 250 | 266 | 300 | 495 |
| Muskegon area | 62 | 195 | 218 | 240 | 253 | 505 |
| Northern Michigan, Lower Peninsula | 85 | 185 | 200 | 217 | 250 | 310 |
| Oakland County (north of M-59) | 123 | 200 | 250 | 249 | 295 | 373 |
| Oakland County (south of M-59) | 875 | 200 | 275 | 280 | 350 | 470 |
| Other metro areas | 52 | 183 | 200 | 221 | 250 | 375 |
| Out of state | 306 | 225 | 300 | 320 | 383 | 600 |
| Out state, Lower Peninsula | 59 | 175 | 200 | 213 | 250 | 350 |
| Remainder Macomb County | 86 | 200 | 250 | 249 | 300 | 400 |
| Remainder Wayne County | 182 | 200 | 225 | 230 | 255 | 350 |
| Southfield | 154 | 220 | 275 | 298 | 350 | 510 |
| Traverse City area | 55 | 193 | 225 | 228 | 257 | 350 |
| Upper Peninsula | 60 | 150 | 196 | 215 | 240 | 400 |
| **Total** | **3704** | **200** | **250** | **266** | **305** | **475** |

**Table 7 – 2017 Hourly Rates Billing Rates by Field of Practice**

| | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Administrative Law | 88 | 200 | 250 | 270 | 320 | 500 |
| Appellate Law | 132 | 195 | 255 | 265 | 325 | 480 |
| Arbitration/Mediation | 102 | 200 | 250 | 269 | 325 | 400 |
| Auto (not lemon) Law | 30 | 225 | 260 | 318 | 400 | 600 |
| Auto no fault | 142 | 160 | 250 | 288 | 400 | 575 |
| Bankruptcy, Creditor | 83 | 237 | 275 | 296 | 350 | 510 |
| Bankruptcy, Debtor | 157 | 200 | 245 | 243 | 250 | 350 |
| Business/Commercial Litigation | 379 | 250 | 295 | 304 | 350 | 495 |
| Civil Litigation | 512 | 200 | 250 | 272 | 325 | 450 |
| Civil Rights | 70 | 200 | 288 | 290 | 400 | 485 |
| Collections, creditor | 110 | 160 | 208 | 220 | 275 | 355 |
| Collections, debtor | 20 | 193 | 250 | 253 | 298 | 475 |
| Condemnation law | 9 | 285 | 350 | 376 | 450 | 500 |



**Table 7 – 2017 Hourly Rates Billing Rates by Field of Practice**

| | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Construction law | 59 | 200 | 265 | 300 | 365 | 580 |
| Consumer law (including lemon law) | 41 | 250 | 300 | 322 | 400 | 600 |
| Contracts | 262 | 200 | 250 | 265 | 325 | 475 |
| Corporate and business | 498 | 225 | 275 | 291 | 340 | 530 |
| Criminal (misdemeanor) | 363 | 180 | 200 | 234 | 250 | 350 |
| Criminal (felony) | 355 | 200 | 225 | 250 | 290 | 400 |
| Driver License Restoration | 27 | 200 | 250 | 254 | 300 | 500 |
| Elder Law | 229 | 200 | 240 | 250 | 275 | 350 |
| Election Law | 4 | 178 | 228 | 226 | 275 | 275 |
| Employment law (plaintiff) | 77 | 250 | 300 | 313 | 380 | 485 |
| Employment law (defense) | 108 | 200 | 295 | 281 | 350 | 425 |
| Entertainment Law | 20 | 190 | 250 | 295 | 333 | 800 |
| Environmental law | 28 | 243 | 275 | 307 | 375 | 515 |
| Family law | 769 | 200 | 240 | 235 | 275 | 350 |
| Foreclosure, debtor | 9 | 200 | 250 | 250 | 300 | 500 |
| Foreclosure, lender | 20 | 215 | 237 | 257 | 270 | 420 |
| General Civil | 188 | 184 | 225 | 230 | 258 | 350 |
| Health & Hospital law | 64 | 203 | 285 | 316 | 375 | 560 |
| Immigration law | 67 | 185 | 250 | 255 | 300 | 455 |
| Indian Law | 11 | 150 | 250 | 227 | 300 | 370 |
| Insurance law (plaintiff) | 46 | 275 | 380 | 379 | 450 | 600 |
| Insurance law (defense) | 148 | 150 | 168 | 192 | 200 | 320 |
| Intellectual property | 144 | 250 | 318 | 334 | 398 | 565 |
| Labor and Employment | 105 | 200 | 275 | 301 | 375 | 550 |
| Landlord/tenant (commercial) | 26 | 160 | 225 | 243 | 300 | 370 |
| Landlord/tenant (residential) | 82 | 150 | 200 | 196 | 250 | 275 |
| Libel, slander and defamation | 3 | 375 | 415 | 405 | 425 | 425 |
| Marijuana Law | 20 | 225 | 250 | 273 | 300 | 460 |
| Medical malpractice (plaintiff) | 43 | 300 | 400 | 448 | 500 | 900 |
| Medical malpractice (defendant) | 58 | 175 | 185 | 189 | 200 | 250 |
| Municipal Law | 110 | 150 | 165 | 190 | 235 | 330 |
| Veterans and Military Law | 5 | 180 | 200 | 220 | 295 | 300 |
| Other Civil law | 149 | 200 | 250 | 272 | 300 | 570 |
| Other Professional Liability | 22 | 210 | 300 | 298 | 350 | 425 |
| Personal Injury (defendant) | 102 | 150 | 170 | 186 | 200 | 310 |
| Personal Injury (plaintiff) | 186 | 275 | 350 | 362 | 400 | 600 |
| Probate litigation | 223 | 200 | 250 | 260 | 300 | 400 |
| Guardianship/conservatorship | 151 | 186 | 225 | 228 | 250 | 350 |
| Probate-trust administration | 599 | 200 | 250 | 256 | 295 | 400 |
| Product liability | 32 | 235 | 300 | 320 | 400 | 550 |
| Property Damage | 10 | 220 | 350 | 323 | 450 | 450 |
| Public benefits | 8 | 200 | 308 | 380 | 475 | 880 |
| Real Estate | 591 | 200 | 250 | 261 | 300 | 415 |



**Table 7 – 2017 Hourly Rates Billing Rates by Field of Practice**

|  | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Schools and Education | 25 | 175 | 240 | 233 | 285 | 350 |
| Securities Law | 40 | 250 | 343 | 361 | 485 | 575 |
| Tax Law | 145 | 250 | 310 | 345 | 400 | 590 |
| Workers Compensation-employees | 21 | 200 | 250 | 251 | 340 | 450 |
| Workers Compensation-employer | 18 | 100 | 120 | 130 | 140 | 275 |
| **Total** | **8145** | **200** | **250** | **266** | **300** | **475** |

**Table 8 – Attorney Hourly Billing Rates by County[1]**

| County | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Alcona | 3 | 195 | 198 | 198 | 200 | 200 |
| Alger | 6 | 150 | 200 | 184 | 200 | 225 |
| Allegan | 83 | 185 | 250 | 264 | 300 | 420 |
| Alpena | 7 | 167 | 198 | 235 | 217 | 550 |
| Antrim | 26 | 185 | 225 | 217 | 250 | 283 |
| Arenac | 0 | . | . | . | . | . |
| Baraga | 3 | 130 | 150 | 160 | 200 | 200 |
| Barry | 19 | 238 | 283 | 284 | 350 | 400 |
| Bay | 63 | 183 | 217 | 229 | 250 | 350 |
| Benzie | 21 | 200 | 225 | 235 | 273 | 328 |
| Berrien | 63 | 187 | 240 | 245 | 295 | 430 |
| Branch | 20 | 180 | 245 | 223 | 250 | 300 |
| Calhoun | 60 | 200 | 245 | 244 | 290 | 379 |
| Cass | 32 | 168 | 211 | 232 | 263 | 450 |
| Charlevoix | 21 | 200 | 225 | 229 | 250 | 333 |
| Cheboygan | 11 | 200 | 225 | 221 | 250 | 300 |
| Chippewa | 11 | 113 | 150 | 150 | 192 | 225 |
| Clare | 15 | 200 | 250 | 237 | 300 | 337 |
| Clinton | 84 | 200 | 230 | 231 | 250 | 300 |
| Crawford | 8 | 180 | 193 | 193 | 225 | 250 |
| Delta | 12 | 175 | 192 | 202 | 238 | 300 |
| Dickinson | 11 | 160 | 200 | 291 | 300 | 1,101 |
| Eaton | 112 | 198 | 230 | 251 | 266 | 350 |
| Emmet | 28 | 200 | 229 | 249 | 288 | 480 |
| Genesee | 168 | 199 | 235 | 252 | 294 | 500 |
| Gladwin | 10 | 200 | 223 | 217 | 260 | 275 |
| Gogebic | 5 | 175 | 225 | 200 | 250 | 300 |
| Grand Traverse | 74 | 193 | 232 | 238 | 257 | 383 |
| Gratiot | 16 | 200 | 227 | 228 | 275 | 337 |
| Hillsdale | 10 | 200 | 204 | 241 | 300 | 385 |
| Houghton | 16 | 168 | 200 | 204 | 238 | 335 |
| Huron | 5 | 167 | 170 | 181 | 195 | 225 |
| Ingham | 243 | 200 | 235 | 260 | 300 | 425 |

1 Data is not displayed for categories with fewer than three respondents due to insufficient information but is included in the totals.



**Table 8 – Attorney Hourly Billing Rates by County**[1]

| County | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Ionia | 19 | 150 | 217 | 236 | 275 | 450 |
| Iosco | 3 | 125 | 138 | 153 | 195 | 195 |
| Iron | 4 | 143 | 163 | 200 | 258 | 350 |
| Isabella | 29 | 230 | 250 | 250 | 300 | 300 |
| Jackson | 56 | 200 | 233 | 237 | 280 | 385 |
| Kalamazoo | 117 | 175 | 240 | 259 | 305 | 450 |
| Kalkaska | 4 | 166 | 183 | 179 | 192 | 200 |
| Kent | 424 | 218 | 275 | 301 | 355 | 543 |
| Keweenaw | 5 | 180 | 200 | 274 | 317 | 525 |
| Lake | 7 | 150 | 175 | 195 | 250 | 342 |
| Lapeer | 48 | 188 | 220 | 246 | 263 | 433 |
| Leelanau | 36 | 200 | 223 | 223 | 250 | 328 |
| Lenawee | 48 | 200 | 200 | 220 | 250 | 350 |
| Livingston | 115 | 200 | 250 | 253 | 283 | 400 |
| Luce | 5 | 117 | 150 | 145 | 150 | 250 |
| Mackinac | 11 | 145 | 150 | 215 | 250 | 565 |
| Macomb | 866 | 200 | 250 | 265 | 300 | 425 |
| Manistee | 12 | 197 | 216 | 221 | 262 | 285 |
| Marquette | 31 | 150 | 200 | 201 | 250 | 300 |
| Mason | 14 | 150 | 193 | 194 | 250 | 275 |
| Mecosta | 12 | 217 | 250 | 227 | 250 | 290 |
| Menominee | 5 | 175 | 177 | 369 | 217 | 1,101 |
| Midland | 56 | 200 | 250 | 269 | 300 | 520 |
| Missaukee | 2 | . | . | . | . | . |
| Monroe | 54 | 183 | 200 | 217 | 235 | 340 |
| Montcalm | 19 | 151 | 200 | 217 | 267 | 400 |
| Montmorency | 5 | 167 | 175 | 171 | 175 | 198 |
| Muskegon | 85 | 200 | 250 | 265 | 295 | 520 |
| Newaygo | 14 | 120 | 200 | 199 | 255 | 300 |
| Oakland | 1544 | 200 | 250 | 275 | 325 | 470 |
| Oceana | 25 | 163 | 200 | 213 | 250 | 350 |
| Ogemaw | 7 | 150 | 200 | 218 | 275 | 317 |
| Ontonagon | 5 | 200 | 200 | 185 | 225 | 250 |
| Osceola | 6 | 175 | 180 | 186 | 233 | 250 |
| Oscoda | 1 | 185 | 185 | 185 | 185 | 185 |
| Otsego | 18 | 175 | 200 | 220 | 275 | 350 |
| Ottawa | 225 | 220 | 270 | 290 | 333 | 520 |
| Presque Isle | 3 | 200 | 200 | 206 | 217 | 217 |
| Roscommon | 9 | 200 | 200 | 215 | 250 | 350 |
| Saginaw | 81 | 163 | 200 | 218 | 250 | 405 |
| Sanilac | 14 | 170 | 215 | 211 | 250 | 325 |
| Schoolcraft | 5 | 150 | 150 | 347 | 183 | 1,101 |
| Shiawassee | 18 | 200 | 225 | 257 | 300 | 567 |

1 Data is not displayed for categories with fewer than three respondents due to insufficient information but is included in the totals.



**Table 8 – Attorney Hourly Billing Rates by County[1]**

| County | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| St. Clair | 41 | 195 | 250 | 236 | 272 | 350 |
| St. Joseph | 21 | 175 | 200 | 213 | 233 | 280 |
| Tuscola | 20 | 175 | 221 | 219 | 250 | 329 |
| Van Buren | 60 | 180 | 233 | 245 | 293 | 450 |
| Washtenaw | 343 | 200 | 250 | 274 | 317 | 467 |
| Wayne | 1485 | 200 | 250 | 269 | 317 | 467 |
| Wexford | 9 | 175 | 200 | 206 | 233 | 305 |
| Statewide Practice | 31 | 200 | 255 | 265 | 325 | 400 |
| Out of state practice | 239 | 250 | 310 | 334 | 397 | 600 |
| **Total** | **7582** | **200** | **250** | **265** | **300** | **465** |

1 Data is not displayed for categories with fewer than three respondents due to insufficient information but is included in the totals.

**Table 9 – 2017 Attorney Hourly Billing Rates by Circuit**

| Circuit | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| 1 Hillsdale | 10 | 200 | 204 | 241 | 300 | 385 |
| 2 Berrien | 63 | 187 | 240 | 245 | 295 | 430 |
| 3 Wayne | 1485 | 200 | 250 | 269 | 317 | 467 |
| 4 Jackson | 56 | 200 | 233 | 237 | 280 | 385 |
| 5 Barry | 19 | 238 | 283 | 284 | 350 | 400 |
| 6 Oakland | 1544 | 200 | 250 | 275 | 325 | 470 |
| 7 Genesee | 168 | 199 | 235 | 252 | 294 | 500 |
| 8 Ionia, Montcalm | 38 | 151 | 213 | 227 | 275 | 425 |
| 9 Kalamazoo | 117 | 175 | 240 | 259 | 305 | 450 |
| 10 Saginaw | 81 | 163 | 200 | 218 | 250 | 405 |
| 11 Alger, Luce, Mackinac, Schoolcraft | 27 | 150 | 150 | 219 | 200 | 565 |
| 12 Baraga, Houghton, Keweenaw | 24 | 158 | 200 | 213 | 238 | 335 |
| 13 Antrim, Grand Traverse, Leelanau | 136 | 192 | 225 | 230 | 250 | 350 |
| 14 Muskegon | 85 | 200 | 250 | 265 | 295 | 520 |
| 15 Branch | 20 | 180 | 245 | 223 | 250 | 300 |
| 16 Macomb | 866 | 200 | 250 | 265 | 300 | 425 |
| 17 Kent | 424 | 218 | 275 | 301 | 355 | 543 |
| 18 Bay | 63 | 183 | 217 | 229 | 250 | 350 |
| 19 Benzie, Manistee | 33 | 200 | 222 | 230 | 273 | 328 |
| 20 Ottawa | 225 | 220 | 270 | 290 | 333 | 520 |
| 21 Isabella | 29 | 230 | 250 | 250 | 300 | 300 |
| 22 Washtenaw | 343 | 200 | 250 | 274 | 317 | 467 |
| 23 Alcona, Arenac, Iosco, Oscoda | 25 | 175 | 200 | 208 | 225 | 300 |
| 24 Sanilac | 14 | 170 | 215 | 211 | 250 | 325 |
| 25 Marquette | 31 | 150 | 200 | 201 | 250 | 300 |
| 26 Alpena, Montmorency | 12 | 167 | 175 | 208 | 199 | 550 |
| 27 Newaygo, Oceana | 39 | 160 | 200 | 208 | 250 | 350 |
| 28 Missaukee, Wexford | 11 | 150 | 200 | 203 | 233 | 305 |



**Table 9 – 2017 Attorney Hourly Billing Rates by Circuit**

| Circuit | N | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| 29 Clinton, Gratiot | 100 | 200 | 230 | 231 | 250 | 313 |
| 30 Ingham | 243 | 200 | 235 | 260 | 300 | 425 |
| 31 St. Clair | 41 | 195 | 250 | 236 | 272 | 350 |
| 32 Gogebic, Ontonagon | 10 | 175 | 213 | 193 | 250 | 300 |
| 33 Charlevoix | 21 | 200 | 225 | 229 | 250 | 333 |
| 34 Ogemaw, Roscommon | 16 | 173 | 200 | 216 | 255 | 350 |
| 35 Shiawassee | 18 | 200 | 225 | 257 | 300 | 567 |
| 36 Van Buren | 60 | 180 | 233 | 245 | 293 | 450 |
| 37 Calhoun | 60 | 200 | 245 | 244 | 290 | 379 |
| 38 Monroe | 54 | 183 | 200 | 217 | 235 | 340 |
| 39 Lenawee | 48 | 200 | 220 | 220 | 250 | 350 |
| 40 Lapeer | 48 | 188 | 220 | 246 | 263 | 433 |
| 41 Dickinson, Iron, Menominee | 20 | 163 | 176 | 293 | 300 | 1,101 |
| 42 Midland | 56 | 200 | 250 | 269 | 300 | 520 |
| 43 Cass | 32 | 168 | 211 | 232 | 263 | 450 |
| 44 Livingston | 115 | 200 | 250 | 253 | 283 | 400 |
| 45 St. Joseph | 21 | 175 | 200 | 213 | 233 | 280 |
| 46 Crawford, Kalkaska, Otsego | 12 | 178 | 185 | 188 | 200 | 250 |
| 47 Delta | 12 | 175 | 192 | 202 | 238 | 300 |
| 48 Allegan | 83 | 185 | 250 | 264 | 300 | 420 |
| 49 Mecosta, Osceola | 18 | 175 | 237 | 213 | 250 | 290 |
| 50 Chippewa | 11 | 113 | 150 | 150 | 192 | 225 |
| 51 Lake, Mason | 21 | 150 | 185 | 194 | 250 | 275 |
| 52 Huron | 5 | 167 | 170 | 181 | 195 | 225 |
| 53 Cheboygan, Presque Isle | 14 | 200 | 208 | 217 | 233 | 300 |
| 54 Tuscola | 20 | 175 | 221 | 219 | 250 | 329 |
| 55 Clare, Gladwin | 25 | 200 | 245 | 229 | 260 | 300 |
| 56 Eaton | 112 | 198 | 230 | 251 | 266 | 350 |
| 57 Emmet | 28 | 200 | 229 | 249 | 288 | 480 |
| 84 Statewide Practice | 31 | 200 | 255 | 265 | 325 | 400 |
| 85 Out Of State Practice | 239 | 250 | 310 | 334 | 397 | 600 |
| **Total** | **7582** | **200** | **250** | **265** | **300** | **465** |

**SBM**

STATE BAR OF MICHIGAN

MICHAEL FRANCK BUILDING
306 TOWNSEND STREET
LANSING, MI 48933-2012

www.michbar.org